FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 19 2024

TAMMY H. DOWNS, CLERK
By _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FREDRICK J. LOVE SR.                                                    PLAINTIFF

VS.                                    CASE NO. 4:24cv253-KGB

PULASKI COUNTY, ARKANSAS,
A Public Body Corporate and Politic                                    DEFENDANT

## COMPLAINT

### Introduction

This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C. § 1658), pursuant to the Fourteenth Amendment to the United States Constitution, and pursuant to the Arkansas Whistle-Blower Act (AWBA), as codified at Ark. Code Ann. § 21-1-601, *et seq.*, in order to recover damages against the defendant for the unlawful employment practices that the plaintiff **Fredrick J. Love Sr.**, has been subjected to on account of his race, sex, and in retaliation for having opposed discriminatory practices. The plaintiff seeks relief pursuant to 42 U.S.C.S. § 1983, in that the unlawful employment practices were committed by the defendant while acting under color of law. This is also an action for declaratory judgment pursuant to 28 U.S.C.S. § 2201 to declare the rights and other legal relations between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well.

### I.
### Jurisdiction

1.      Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C.S. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended).

This case assigned to District Judge Baker
1      and to Magistrate Judge Kearney

The plaintiff is also asking the court to assume supplemental jurisdiction over his state law claim of violating the Arkansas Whistle-Blower Act (AWBA).

2.      The unlawful employment practices alleged to have been committed against the plaintiff, were committed in the State of Arkansas, and in Pulaski County, Arkansas.

II.
Parties

3.      The plaintiff Fredrick J. Love Sr. is an African American male, who resides in Mabelvale, Arkansas, and was formerly employed by Pulaski County, Arkansas.

4.      The defendant Pulaski County, Arkansas, is a public body corporate created by the General Assembly for the State of Arkansas pursuant to Ark. Code Ann. § 14-14-501. Pulaski County operates as the governing body for Pulaski County, Arkansas, having its administrative offices located at 201 S. Broadway, Little Rock, Arkansas.

5.      The defendant Pulaski County, Arkansas is an employer within the meaning of 42 U.S.C.S. § 2000e (b), (g), and (h).

III.
Facts

6.      Pulaski County, Arkansas operates and maintains administrative offices, which are located at 201 S. Broadway, Little Rock, Arkansas.

7.      The plaintiff served in the Arkansas Legislature as a State Representative and currently serves as a State Senator.

8.      The plaintiff was hired by Pulaski County, Arkansas in March 2010 as a grants administrator.

9.      The plaintiff was eventually promoted to the position of Director of Community Services in January 2015.

10.      As the Director of Community Services, the plaintiff had the responsibility of overseeing various county agencies such as: a) Housing, b) Economic Development, c) Grants for Water, Sewer, and Roads, d) Veteran Services, and e) EPA Grants.

11.      The County Housing Program provided housing assistance through the federal voucher program formerly known as the Section 8 program, to families meeting the poverty guidelines.

12.      At one time, Keya Brooks served as the Housing Director for Pulaski County, but the plaintiff had to terminate her employment, because Ms. Brooks tried to place her sister on the program, bypassing the waiting list.

13.      When Ms. Brooks attempted to get her sister on the voucher program, she was living in Texas at the time, and was moving back to Little Rock.

14.      In order to get a housing voucher, one has to be on the waiting list.

15.      It was discovered that Ms. Brooks attempted to give her sister a voucher, after the waiting list was closed, which would have violated county policies.

16.      When Ms. Brooks was terminated, upon information and belief, she went to the County Judge Barry Hyde and County Attorney Adam Fogleman, and stated that Veletta Smith, who was the Deputy County Attorney, had her son, who suffers from a disability, placed on the voucher program.

17.      Adam Fogleman is a Caucasian male, and Veletta Smith is an African American female.

3

18.     Ms. Smith had not violated any laws or policies by having her son on the voucher program, who had been on the voucher program for some three (3) to four (4) years.

19.     Although Ms. Smith had not used her authority to get her son on the voucher program, nor violated any laws or policies, County Attorney Adam Fogleman stated that "it did not look good," and demanded that Ms. Smith resign, which she did.

20.     Veletta Smith's son had been on the voucher program, and he had made a request for a reasonable accommodation to allow his mother to serve as his landlord, which was granted.

21.     Adam Fogleman also told Mr. Love that "it does not look good for you either," because he should have disclosed the fact that Veletta's son was a recipient of the county's voucher's program and that Veletta Smith was serving as his landlord for the past three to four years.

22.     In reference to Veletta Smith being named by her son as her landlord as a reasonable accommodation for him, was done some three to four years prior to her being asked to resign, despite the fact that there was never a finding that any laws had been broken or county policies violated.

23.     The  plaintiff does not know why Mr. Fogleman had an issue with Veletta Smith's disabled son being on the county's voucher program.

24.     Mr. Fogleman had also mentioned the fact that the plaintiff's brother-in-law had gotten a county contract several years ago, under a previous Director for Community Services.

25.     While the plaintiff was employed by Pulaski County, Arkansas, he has been subjected to unwarranted investigations that were racially motivated.

26.     These investigations were spearheaded by then Deputy County Attorney Chastity Scifres, who is a Caucasian female.

27.     Chastity Scifres also tried to get the Federal Bureau of Investigations (FBI) to investigate Mr. Love, but it declined to do so.

28.     In approximately June 2021, the plaintiff had complained to County Judge Barry Hyde that he was being discriminated against based on his race, in that he was repeatedly subjected to unwarranted investigations by Ms. Scifres, and that the investigations were conducted due to the plaintiff's race.

29.     On August 8, 2023, Adam Fogleman met with Senator Love and told him that either he had to resign or he would recommend to County Judge Barry Hyde that Senator Love be terminated.

30.     Faced with these options of being terminated or resigning, the plaintiff had no choice but to resign, which he did so on August 9, 2023.

31.     However, before resigning, the plaintiff met with County Judge Barry Hyde to try and get support, hoping to not be forced out, but Judge Hyde also insisted that Senator Love resign, or be terminated.

32.     While meeting with Judge Hyde on August 9, 2023, he told the plaintiff that he agreed he had done nothing wrong, but it was best that he resign.

33.     The plaintiff protested, insisting that he had done nothing wrong and that he should not be forced to resign.

34.     The plaintiff was constructively discharged from his employment with Pulaski County, Arkansas.

35.     In an effort to further embarrass the plaintiff County Judge Barry Hyde submitted a press release to announce the forced resignation of Senator Love.

IV.
Disparate Treatment
(Race Discrimination)

36.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 35, supra., inclusive as though set forth herein word for word.

37.     The plaintiff has been subjected to varied terms and conditions of his employment based on his race, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

38.     The plaintiff has been subjected to a hostile work environment on account of his race, in that he has been subjected to unwarranted investigations, which were racially motivated.

39.     Also, the plaintiff has been subjected to varied terms and conditions of his employment on account of his race, when Chastity Scifres subjected him to unwarranted investigations.

40.     Furthermore, the plaintiff has been subjected to disparate treatment on account of his race, when he was forced to resign from his employment with Pulaski County, Arkansas, when similarly situated white employees were not treated in a similar fashion.

Ronald Lee "Ronnie" Routh

41.     Ronald Lee "Ronnie" Routh is a Caucasian male, who was employed by Pulaski County, Arkansas as the Director of the Pulaski County Juvenile Detention Center.  Mr. Routh was hand picked by County Judge Barry Hyde to run the 48 bed juvenile Justice Center.

42.     In June 2022, Ronnie Routh was accused of committing sexual assault and harassment against some of the juveniles detained at the Juvenile Justice Center, which is located at 3001 West Roosevelt Road, Little Rock, Arkansas.

6

43.     The Pulaski County Sheriff's Department conducted an investigation into these allegations against Mr. Routh, and turned over their investigation to the prosecuting attorney on or about November 21, 2022.

44.     Despite the overwhelming evidence against Mr. Routh, Pulaski County Judge Barry Hyde did not immediately request Mr. Routh's resignation.

45.     It was several months after the allegations came to light in June 2022, that Judge Hyde allowed Mr. Routh to resign, which he did the week prior to January 30, 2023, which is when he surrendered himself to an arrest warrant for sexual assault, which is in violation of Ark. Code Ann. § 5-14-125(b)(1), a Class B felony.

46.     Despite the "bad look" that the Director of the Juvenile Detention Center Director was causing to Pulaski County, Arkansas, Judge Hyde and the Pulaski County Government stood by his side until it was no longer politically expedient to do so.

47.     Ronald Lee "Ronnie" Routh was afforded more favorable terms and conditions of his employment on account of his race (Caucasian), than was afforded the plaintiff, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

Michael "Mike" Hutchens

48.     Michael "Mike: Hutchens, also referred to as "Hutch" is currently employed by Pulaski County, Arkansas as the comptroller.

49.     Mike Hutchens is a Caucasian male.

50.     While Mr. Hutchens was married, to then County Attorney Carla Burnett, "Hutch" got involved in an extramarital affair with a subordinate of his by the name Erica Johnson.

51.     This matter came to a head when Ms. Burnett filed a complaint alleging that her then husband was caught at their home in a compromising position with Ms. Johnson during office hours.

52     Despite this "bad look," for the county, and a violation of the county's policy against fraternization, County Judge Barry Hyde, and the Pulaski County Government stood behind "Hutch."

53.     Judge Hyde never asked for Mike Hutchens' resignation, nor did he ask for the resignation of Erica Johnson, who is a Caucasian female, and was a subordinate of Mr. Hutchens. Ms. Johnson resigned shortly after this scandal came to light.

54.     Mike Hutchens was afforded more favorable terms and conditions of his employment on account of his race (Caucasian), than was afforded the plaintiff, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

Adam Fogleman

55.     Adam Fogleman is the County Attorney for Pulaski County, Arkansas.

56.     Mr. Fogleman is a Caucasian male.

57.     Mr. Fogleman and his wife Jill Fogleman own a construction company, and they purchased a building located at 1924 Commerce Street, Little Rock, Arkansas 72202, that was infested with bats.

58.     Jill Fogleman applied for a Phase II grant with Pulaski County which is believed to have exceeded $80,000.00.

59.     When Adam Fogelman confronted Senator Love and Veletta Smith about the fact that her son was a recipient of the county's voucher program, upon information and belief he got

8

nervous, and decided to withdraw the application for Phase II grant funds, which was a long process that Fogleman and his wife were well into.

60.     In another matter, according to news reports and complaints by some Pulaski County employees, Adam Fogleman was hired by Pulaski County for the Attorney III position on January 30, 2015.

61.     According to news reports, Mr. Fogleman was offered the position by County Judge Barry Hyde even before the position had been created, which violated county personnel policy.

62.     The news reports indicated that Mr. Fogleman applied for the County Attorney III position on January 26, 2015, and the position closed on January 30, 2015, which was offered to Mr. Fogleman on the same date.

63.     Furthermore, the news reports indicate that the Pulaski County Quorum Court approved the Attorney III position on January 27, 2015, and Judge Hyde signed off on it January 28, 2015.

64.     It states that the Attorney III position would have been posted after January 28, 2015 or later, but Mr. Fogleman applied for the position on January 26, 2015, before the position had been created.

65.     County personnel policy states that a job opening must be posted for five consecutive workdays, before it could be closed.

66.     The news reports indicated that business cards had already been created for Mr. Fogleman as early as January 23, 2015.

67.     Furthermore, news reports indicated that then county attorney Amanda Mitchell was told by County Judge Barry Hyde back in December 2014 that she needed to make room for Adam Fogleman in her office, because he was coming.

9

68.     Such pre-selection not only violated county personnel policies, but also Title VII of the Civil Rights Act. *See* Coble v. Hot Springs School District No. 6, 682 F.2d 721, 729 (8th Cir. 1982) and Brandt v. Shop 'N Save Warehouse Foods, Inc., 108 F.3d 935, 940 (8th Cir. 1997).

69.     County Judge Barry Hyde initially tried to place the decision for hiring Mr. Fogleman on County Attorney Amanda Mitchell, but she denied the county judge's assertion, in essence stating that he was lying.

70.     Shortly after Mr. Fogleman was hired as County Attorney III, he became the County Attorney when Ms. Mitchell left the county's employment.

71.     Despite the "bad look" for the county, and Judge Hyde's consenting to hiring Mr. Fogleman in violation of county personnel policy and federal law, Pulaski County government has stood behind Mr. Fogleman, and he to this day still serves as the county attorney.

72.     It is ironic that Mr. Fogleman, as the county attorney, came to Senator Fred Love and told him that since Veletta Smith, an African American Assistant County Attorney, whose disabled son was legitimately receiving housing assistance through Senator Love's department, was being forced to resign or be terminated, because it did not "look good," for the county. In light of the hiring scandal involving Mr. Fogleman and the fact that he and his wife attempted to secure a *Brownfields* grant through the county, this is a classic example of the "*pot calling the kettle black.*"

73.     Mr. Fogleman was afforded more favorable terms and conditions of his employment on account of his race (Caucasian), than was afforded the plaintiff, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

Chastity Scifres

74.     Chastity Scifres is a Caucasian female, who has been employed by Pulaski County, Arkansas for twenty-four (24) years.

75.     Ms. Scifres served as the Assistant County Attorney for twenty years, and was appointed by Judge Barry Hyde to serve as the Director of Human Resources in June 2020.

76.     An African American by the name of Sonjia Persons served as the Benefits Manager in the Human Resources Department.

77.     Ms. Persons became an employee of Pulaski County in November 1995, working her way up to the Benefits Manager's position prior to Ms. Scifres' being hired as the Director of Personnel.

78.     Due to Ms. Persons' health situation, and the stress that she had been placed under by Ms. Scifres, Ms. Persons submitted her request for leave pursuant to the Family Medical Leave Act (FMLA) on or about March 3, 2021.

79.     Ms. Scifres terminated Ms. Persons on March 19, 2021 in violation *inter alia*, of the Family Medical Leave Act (FMLA) as alleged in her lawsuit that she filed. *See* Sonjia Persons v. Pulaski County, Arkansas, United States District Court No. 4:21-CV-975 BSM.

80.     Sonjia Persons recently settled her case against the county.

81.     Although Pulaski County, Arkansas admitted no liability, the settlement resulted in costing the county and its risk management fund several thousands of dollars.

82.     Despite Ms. Scifres' apparent violation of county personnel policies and federal law in terminating Ms. Persons, Judge Hyde and Pulaski County, Arkansas have stood by Ms. Scifres, with no apparent accountability for her action.

83.    The optics of Ms. Scifres' action were not good, but she currently serves as the Director of Human Resources.

84.    Ms. Scifres was afforded more favorable terms and conditions of her employment on account of her race (Caucasian) and sex, than was afforded the plaintiff, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

85.    Senator Love has been a long-time public servant for the people of Arkansas and Pulaski County.

86.    Senator Love is a man of integrity and is a consummate professional.

87.    Despite the fact that Senator Love has served the people of this state and this county with distinction, Judge Barry Hyde and Pulaski County, Arkansas have maligned his character, his name, and his good reputation by forcing him out under a cloud of suspicion.

88.    Pulaski County, Arkansas subjects African Americans employees, which includes the plaintiff, to disparate treatment on account of their race, while affording similarly situated Caucasian employees more favorable terms and conditions of their employment on account of their race, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

V.
Retaliation

89.    The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 88, supra., inclusive as though set forth herein word for word.

90.    The plaintiff filed a complaint of discrimination with County Judge Barry Hyde contending that he was a victim of discrimination due to Chastity Scifres launching baseless investigations against him.

91.     Shortly after lodging this complaint of discrimination, Chastity Scifres denied the plaintiff's request to take Family and Medical Leave (FMLA) after he and his wife had adopted a baby in January 2021.

92.     The plaintiff was also asked to resign or be terminated after lodging his complaint of discrimination naming Chastity Scifres as the discriminatory official in violation of Title VII of the Civil Rights Act of 1964 (as amended).

VI.
Pay Disparity

93.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 92, supra., inclusive as though set forth herein word for word.

94.     The plaintiff has been consistently passed over for raises, despite the fact that his workload is greater than similarly situated white directors, and that the plaintiff has consistently received above average performance ratings.

95.     White counterparts of the plaintiff have consistently made more money than the plaintiff, and he like other African Americans are consistently paid less than their white counterparts in violation of Title VII of the Civil Rights Act of 1964 (as amended).

96.     Furthermore, the plaintiff has consistently been passed over for pay raises, while his white counterparts have received raises, allowing his white counterparts to consistently be paid more, and in some cases for doing less work and supervising fewer people, all in violation of the plaintiff's rights as afforded him pursuant to 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C. § 1658).

VII.

Arkansas Whistle-Blower

97.     The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 96, supra., inclusive as though set forth herein word for word.

98.     In the plaintiff's role as the Director of Community Services, one of the departments that served under Senator Love was the county's housing voucher program, formerly known as Section 8.

99.     The plaintiff had the responsibility to ensure that the county's housing voucher program was spending state and federal funds legally.

100.    However, in or about June 2023, Senator Love reported to the state and federal governments that the county's housing voucher program had committed fraud and waste, and he had to fire three (3) county employees.

101.    Due to the plaintiff reporting the fraud and waste that had occurred in the county's housing voucher program, he has suffered adverse employment actions in the way of being constructively discharged, all in violation of the Arkansas Whistle-Blower Act, which is codified at Ark. Code Ann. § 21-1-603, *et seq.*

102.    Furthermore, in that the plaintiff was discriminated against based on his race, sex, and faced retaliation when he opposed discriminatory practices, he was deprived of his rights as guaranteed by the Fourteenth Amendment to the United States Constitution.

103.    The defendant has violated the plaintiff's constitutional rights, and have subjected him to discriminatory treatment as well as acts of retaliation, while acting under color of law, making this cause of action enforceable pursuant to 42 U.S.C. § 1983.

VIII.

Procedural Requirement

104.    The plaintiff re-alleges and incorporates by reference each and every allegation
contained in paragraphs 1 through 103, supra., inclusive as though set forth herein word for word.

105.    On December 22, 2023, the plaintiff filed a Charge of Discrimination with the
Equal Employment Opportunity Commission (EEOC) (Charge No. 493-2024-00644), contending
that he had been discriminated against in terms and conditions of his employment with the
defendant, due to his race and sex, and that he was the victim of retaliation. **(See Charge of
Discrimination attached herein as Plaintiff's Exhibit "A")**.

106.    In response to the Plaintiff's Charge of Discrimination that he filed with the EEOC,
said agency issued him a "Determination and Notice of Rights" letter dated December 26, 2023,
which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date he
received the above-mentioned letter.  **(A copy of said "Notice of Right to Sue" letter is attached
to this complaint and is identified as Plaintiff's Exhibit "B")**.

107.    This cause of action is being brought within ninety (90) days of the plaintiff
receiving his right-to-sue letter as referenced in paragraph 106 of this complaint.

108.    Due to the above-mentioned acts of discrimination, the plaintiff has suffered mental
anguish, embarrassment, lost wages, all in a manner to be proven at trial.

## JURY DEMAND

109.    The plaintiff requests that this matter be tried before a fair and impartial jury of
twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above-described unlawful
employment practices:

a.      declare that the plaintiff has been subjected to unlawful discriminatory practices;

b.      reinstatement with back pay;

c.      compensatory damages;

d.      the cost of prosecuting this action;

e.      attorney's fees;

f.      and for all other just, equitable, and legal relief.


Respectfully submitted,

PORTER LAW FIRM
The Catlett-Prien Tower Building
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
Email: Aporte5640@aol.com

By: _____
Austin Porter Jr., No. 86145


Dated this 19th day of March 2024.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | **493-2024-00644** |
| | | and EEOC |

State or local Agency, if any

| I Name (indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.) | Home Phone | Year of Birth |
|---|---|---|
| Mr. Fredrick J. Love Sr. | 501-612-3939 | 1974 |

Street Address

11027 Shenandoah Dr

MABELVALE, AR 72103

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| PULASKI COUNTY GOVERNMENT | 201 - 500 Employees | (501) 340-6110 |

Street Address

201 BROADWAY ST STE 100

LITTLE ROCK, AR 72201

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address                                    City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest                          Latest |
| Race, Retaliation, Sex | 06/21/2023                     08/08/2023 |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired in March 2010 and was employed most recently as the Director of Community Services. While employed I have been subjected to multiple internal investigations, and while cleared of any wrongdoing, in 2021 I complained to the county judge that the constant investigations amounted to harassment and discrimination, as other white male comparators actually committed sexual harassment and were never investigated. On or about August 8, 2023, the County Attorney told me that the issue with the Deputy County Attorney's request for accommodation for her son, did not look good and I should have known to disclose this issue. He stated he was going to recommend to the Judge the same option be provided to me as the Deputy County Attorney, which was to resign or be terminated. I felt I had no other option but to resign and therefore I was constructively discharged.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Mr. Fredrick J. Love Sr.** 12/22/2023 | SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   THIS   DATE (month, day, year) |
| Charging Party Signature | |

PLAINTIFF'S EXHIBIT
A

Page 1 of 3

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC | **493-2024-00644** |

|  |  | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

There were two instances in which Ronnie Routh, the Director of Juvenile Detention was provided administrative leave while under investigation, while I was not afforded the same. In addition, there was a press release of the issue with the Housing Agency, yet there was no press release done of any of the previous issues, including that of the sexual misconduct of Ronnie Routh.

I believe the above happened to me because of my race, Black, sex, Male, and in retaliation for complaining about race and gender discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally Signed By: Mr. Fredrick J. Love Sr.** | |
| **12/22/2023** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| *Charging Party Signature* | |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Little Rock Area Office
820 Louisiana St, Suite 200
Little Rock, AR 72201
(501) 900-6130
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/26/2023

**To:** Mr. Fredrick J. Love Sr.
11027 Shenandoah Dr
MABELVALE, AR 72103
Charge No: 493-2024-00644

EEOC Representative and email:   MATILDA LOUVRING
Investigator
matilda.louvring@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 493-2024-00644.

On behalf of the Commission,

Digitally Signed By: William A Cash
12/26/2023
William A Cash
Area Office Director



**PLAINTIFF'S EXHIBIT**
B

**Cc:**
Chastity Scifres
Pulaski County Administration
201 S. Broadway Suite 100
Little Rock, AR 72201


Please retain this notice for your records.